Justin Steffen
*Attorney for Plaintiff*
Steffen Legal Services, LLC
205 SE Spokane St.  #300
Portland, OR 97202
Tel:  971-570-9225
info@steffenlegal.com

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

# PENDLETON DIVISION

| | |
|---|---|
| **JANET SMITH**,<br><br>                    Plaintiff,<br><br>v.<br><br>**OREGON STATE POLICE**, and **WILLIAM BLOOD**, in his individual capacity,<br><br>                    Defendants. | **Case No.:**<br><br>**COMPLAINT**<br>(Unlawful seizure)<br><br>**42 USC 1983**<br><br>**4th and 14th Amendments of the U.S. Constitution**<br><br>**AMOUNT PRAYED FOR: $102,000**<br><br>**JURY TRIAL REQUESTED** |

PLAINTIFF, through her attorney Justin Steffen, bring this COMPLAINT against

Defendants and alleges as follows:

1.

At all times material to this complaint, Plaintiff was traveling through the Pendleton

Division of the District of Oregon.  Defendant Oregon State Police (hereafter, 'Defendant OSP')

is a government organization operating in the Pendleton Division of the District of Oregon, and

Defendant William Blood (hereafter, 'Defendant Blood') was an employee of Defendant OSP.

The events giving rise to this Complaint occurred in the Pendleton Division of the District of

Oregon. This Court has original jurisdiction of the federal claim contained in this Complaint

**COMPLAINT**, page 1 of 4

pursuant to 28 USC 1331.

2.

On or around 7/18/19, Plaintiff was driving a rental car through Grant County, OR.  She was pulled over for speeding (allegedly 11-20 miles per hour over the speed limit) by Defendant Blood.  Plaintiff had not consumed any alcohol, drugs, or any other substance that would affect her ability to drive a car safely.  For reasons that are unclear, Defendant Blood required Plaintiff to perform several field sobriety tests.  Upon information and belief, Plaintiff passed all of them.

3.

Unsatisfied with the fact that Plaintiff passed the filed sobriety tests, Defendant Blood arrested Plaintiff.  She was handcuffed, put in the back of the police car, and booked into the Grant County jail, which was over an hour away from where Plaintiff was pulled over.  During the arrest, Defendant Blood explicitly stated that he did not think Plaintiff had been drinking, but he was still going to arrest her and perform a breathalyzer test.  After being booked into the jail, Plaintiff took the breathalyzer test, which was administered by Defendant Blood.  Plaintiff passed this test as well, which showed that her blood alcohol lever was, "0.00%"  Still not satisfied, Defendants forced Plaintiff to take a breathalyzer test two more times.  Each time showed 0.00.  Defendants also forced Plaintiff to produce a urine sample, even though she passed all the field sobriety tests and the breathalyzer tests.

4.

After passing this test, Plaintiff was released from custody.  When she was arrested, Plaintiff's rental car was towed and impounded.  Plaintiff was forced to pay for the towing and impound fee.  She was also required to re-rent the car and the purpose of the initial car rental was frustrated by Defendants.  Plaintiff has incurred economic damages related to her car rental in an amount to be proven at trial, but not to exceed $2,000.

5.

**COMPLAINT**, page 2 of 4

Defendants arrested and detained Plaintiff without probable cause and without any reasonable basis.

6.

Despite the results of the breathalyzer test, as a condition of her release, Plaintiff was forced to agree that she would not possess or consume any alcohol or enter any bars or taverns. She was also subject to random urinalysis and breath tests by law enforcement officials.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Unlawful seizure:  4th Amendment to the U.S. Constitution; 42 USC 1983)

7.

Plaintiffs re-allege and incorporate Paragraphs 1-6 as if fully set forth here.

8.

Defendants' actions as described above constitute an unreasonable seizure of Plaintiff's person and property, in violation of the 4th Amendment.  Defendants had no warrant, probable cause, or any reasonable basis to detain Plaintiff.  As a direct result of Defendants' actions, Plaintiff has incurred economic damages in the amount of $2,000 and non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $100,000.

### SECOND CLAIM FOR RELIEF
(Unlawful search: 4th Amendment to the U.S. Constitution; 42 USC 1983)

9.

Plaintiffs re-allege and incorporate Paragraphs 1-6 as if fully set forth here.

10.

By forcing Plaintiff to take a breathalyzer test and submit a urine sample without a warrant, probable cause, or a reasonable basis, Defendants' have performed an unreasonable search of Plaintiff's person, in violation of the 4th Amendment.  Defendants did not have

**COMPLAINT**, page 3 of 4

reasonable grounds to believe Plaintiff had been driving under the influence of intoxicants, as required by ORS 813.100.  As a direct result of Defendants' actions, Plaintiff has incurred economic damages in the amount of $2,000 and non-economic damages due to pain, suffering, humiliation, and inconvenience in the amount of $100,000.

## PRAYER FOR RELIEF

11.

WHEREFORE, Plaintiff requests the following relief:

-A money award judgment entered against Defendants for $102,000, representing the following:

-$2,000 in economic damages.

-$100,000 in non-economic damages.

-Plaintiff's reasonable costs and attorney's fees associated with bringing this action, pursuant to 42 USC 1988(b).

-Any and all other relief the Court deems just and reasonable under the circumstances.

Respectfully submitted on:  4/13/20

By: s/ Justin Steffen_____
    Justin Steffen
    *Attorney for Plaintiffs*
    Steffen Legal Services, LLC
    205 SE Spokane St.  #300
    Portland, OR 97202
    Tel:  971-570-9225
    Fax: 503-345-0970
    info@steffenlegal.com

**COMPLAINT**, page 4 of 4