ELLEN F. ROSENBLUM
Attorney General
JESSICA SPOONER  #105919
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
Telephone: (503) 947-4700
Fax: (503) 947-4791
Email:  Jessica.Spooner@doj.state.or.us

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JANET SMITH, | Case No.  2:20-cv-00596-SU |
| Plaintiff, | DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |
| v. | |
| OREGON STATE POLICE, and WILLIAM BLOOD, in his individual capacity, | |
| Defendants. | |

## LR 7-1 CONFERRAL REQUIREMENT

In compliance with LR 7-1, the parties made a good faith effort through telephone

conference to resolve the dispute and have been unable to do so; Plaintiff's counsel is opposed

to this motion. Declaration of Jessica Spooner in Support of Defendants' Motion for

Summary Judgment (hereinafter "Spooner decl.") at ¶ 3.

## MOTION

Pursuant to Fed. R. Civ. P. 56, Defendants respectfully move this Court for an order

granting summary judgment on the following grounds: (1) the Oregon State Police ("OSP") is

Page 1 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
JS/ehn/40136618

entitled to Eleventh Amendment immunity; (2) Defendants did not violate the Fourth

Amendment; and (3) Defendant Blood is entitled to qualified immunity.

This motion is supported by the following memorandum, the declaration of Trooper

Blood with attached exhibits, and the declaration of counsel, as well as the record of this case

filed herein.

## MEMORANDUM OF LAW

Plaintiff Janet Smith brings this case against the Oregon State Police ("OSP) and OSP

Trooper William Blood alleging unlawful search and seizure under the Fourth Amendment of the

United States Constitution. *See generally* Complaint, Electronic Court File ("ECF") No. 1.

For the reasons stated in Defendants' Motion and set forth more fully below, Defendants

respectfully request the Court grant their motion for summary judgment, thereby dismissing this

case with prejudice.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact

and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial

burden is for the moving party to point out the absence of any genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once that burden is satisfied, the burden

shifts to the non-movant to demonstrate through the production of probative evidence that there

remains an issue of fact to be tried. *Id.* "Rule 56(c) mandates the entry of summary judgment,

after adequate time for discovery and upon motion, against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case, and on which that

party will bear the burden of proof at trial." *Id*. at 322.

To defeat summary judgment, a non-moving party must do more "than simply show that

there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co.,*

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather, "where the record taken as a whole

could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

for trial." *Id*. at 587. The record is reviewed in the light most favorable to the non-moving party.
*United States v. Diebold, Inc.*, 369 U.S. 654 (1962).

## FACTUAL BACKGROUND

On July 18, 2019, Trooper William Blood stopped Janet Smith for traveling 84 miles per
hour ("mph") in a posted 65 mph zone. Declaration of Trooper William Blood in Support of
Defendants' Motion for Summary Judgment (hereinafter "Trooper Blood decl.") at ¶ 5, Exhibit
("Ex.") 3 at p. 2, 5. Ms. Smith exhibited signs of impairment consistent with drug or controlled
substance use. *Id*. at p.5-6; *see also* ¶ 6, Ex. 4. Ms. Smith consented to field sobriety tests. *Id*. at
p.2, 6. She had equal pupil size, no resting nystagmus and equal tracking. *Id*. at p.7. She was
unable to maintain the instructional position for the "walk and turn" (WAT) test, stepped off the
line several times, raised her arms and waived them around for balance, stopped walking, took
the incorrect number of steps, and made an improper turn. *Id*. at p.7-8. She started the WAT test
on time and did not miss heel to toe. *Id*. at p.7. During the "one leg stand" (OLS) test, Ms. Smith
swayed whenever she raised her foot, she raised her arms for balance, and she put her foot down
four times during the test. *Id*. at p.7. She did not hop when she was balancing. *Id*. During the
Romberg balance test (when an individual stands with her feet together and eyes closed and
estimates when 30 seconds has passed), Ms. Smith had a noticeable front to back and side to side
sway. *Id*. at p.8-9. Her stance was rigid and she had eyelid tremors. *Id*. at p.9. She estimated that
30 seconds had passed when 18 seconds had elapsed. *Id.* When checking whether Ms. Smith's
eyes could track an object ("lack of convergence" test), Trooper Blood observed that Ms.
Smith's right eye crossed and held looking at her nose and her left eye went to near maximum
deviation to the left. *Id*.

After completing the field sobriety tests, Trooper Blood placed Ms. Smith under arrest
for DUII. *Id*. Ms. Smith consented to Trooper Blood searching her vehicle. *Id*. After Ms. Smith
was transported to the Grant County jail, she consented to taking a breathalyzer test, a urine test,
and a drug recognition evaluation. *Id*. at p.9-10. No certified Drug Recognition Experts (DRE)

Page 3 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
JS/ehn/40136618

were available. *Id*. at p.2, 10. Ms. Smith performed the Romberg balance test and lack of convergence tests again. *Id*. at p.10. Trooper Blood issued Ms. Smith citations for DUII-Controlled Substance and for speeding. *Id*.

## OSP POLICIES

OSP's Policy on Implied Consent/DUII sets out guidance for police officers on the proper procedures to follow for when to obtain a breath, blood or urine sample from an alleged impaired person. Trooper Blood decl. at ¶ 4, Ex. 2. A police officer may request a person who has been arrested to submit to a chemical test of the breath to determine blood alcohol content (BAC). *Id.* When the BAC is below 0.08% and there is reasonable suspicion of drug ingestion, the person may be asked to submit to a urine test to determine the presence of drugs in the person's system. *Id.*

If a person's level of impairment is not consistent with a BAC reading or when there is evidence of drug ingestion, a police officer should contact a certified Drug Recognition Expert (DRE). *Id*. at ¶ 3, Ex. 1. When a DRE is unable to respond, the police officer may consult with a DRE by telephone for assistance. *Id.* The DRE will ensure that evidence is collected from the person and submitted to the Forensic Services Division in a timely manner. *Id.*

## ARGUMENT

**A.  The Oregon State Police is not a proper defendant.**

**1.    The State is entitled to Eleventh Amendment immunity.**

Under the Eleventh Amendment, federal courts may not entertain a lawsuit brought by a citizen against a state, its agencies, or departments without the state's consent. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The Eleventh Amendment provides that the judicial power of the United States, otherwise defined in Article III, "shall not be construed to extend to any suit in law or equity commenced or prosecuted" against a state. "In general, the Eleventh Amendment shields nonconsenting states from suits for monetary damages brought by private individuals in federal

Page 4 -    DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
JS/ehn/40136618

court." *N. E. Med. Servs., Inc. v. California Dep't of Health Care Servs., Health & Human Servs. Agency, California,* 712 F.3d 461, 466 (9th Cir. 2013). "[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). This rule is equally applicable to suits for injunctive relief. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). In addition, the Supreme Court has held that 42 U.S.C. § 1983 "was not intended to abrogate a State's Eleventh Amendment immunity." *Graham*, 473 U.S. at 169 n.17.

Here, Plaintiff solely pursues monetary damages against Defendant OSP. *See* Complaint. As such, Defendant OSP should be dismissed with prejudice.

### 2.    The State cannot be sued under Section 1983.

A §1983 claim against the OSP also fails because the State of Oregon is not a "person" for purposes of §1983, which only permits recovery against persons acting under the color of state law. *See* 42 U.S.C. § 1983; *Will v. Michigan Dept. of State Police*, 491 U.S.58, 70-71 (1989). OSP is a subordinate division of the State of Oregon and is not a "person" under Section 1983. Accordingly, Defendant OSP should be dismissed from Plaintiff's Complaint.

### B.    Plaintiff cannot show that Defendants are liable for the alleged constitutional violation.

### 1.    Standard for Fourth Amendment claims.

The Fourth Amendment is not "a guarantee against *all* searches and seizures, but only against *unreasonable* searches and seizures." *U.S. v. Sharp*, 470 U.S. 675, 682 (1985) (emphasis in original). "[A] police officer may in appropriate circumstances and in an appropriate manner approach a person for purposes of investigating possibly criminal behavior even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 US 1, 22 (1968). Temporary traffic stops are analogous to a *Terry* stop. *Berkemer v. McCarty*, 468 U.S. 420, 439 (1984).

Stopping a vehicle and temporarily detaining its occupants constitutes a seizure for Fourth Amendment purposes. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). Under the Fourth Amendment, an officer may, as a matter of

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

course, order a passenger of a lawfully stopped automobile to exit the vehicle. *Maryland v. Wilson*, 519 U.S. 408 (1997). "The temporary seizure of driver and passengers ordinarily continues, and remains reasonable, for the duration of the stop…An officer's inquiries into matters unrelated to the justification for the traffic stop…do not convert the encounter into something other than a lawful seizure, as long as those inquiries do not measurably extend the duration of the stop." *Arizona v. Johnson*, 555 U.S. 323, 333 (2009).

"The reasonableness of a seizure under the Fourth Amendment is determined 'by balancing [the State's] intrusion on the individual's Fourth Amendment interests against its promotion of legitimate government interests.'" *Hiibel v. Sixth Judicial Dist. Ct. of Nevada, Humboldt Co.*, 542 U.S. 177, 187-88 (2004), quoting *Delaware v. Prouse*, 440 U.S. 648, 654 (1979). A warrantless traffic stop satisfies the Fourth Amendment's reasonableness requirement, if police officers have a reasonable suspicion "'for suspecting the particular person stopped' of breaking the law." *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) quoting *Navarette v. California*, 572 U.S. 393, 396 (2014); s*ee also United States v. Lopez–Soto*, 205 F3d 1101, 1104-05 (9th Cir 2000) (holding that an investigative traffic stop requires reasonable suspicion, not probable cause). "Reasonable suspicion is substantially less than probable cause and 'falls considerably short of satisfying a preponderance of the evidence standard,' but does require more than a mere hunch." *United States v. Renteria*, 839 Fed. Appx. 123, 125 (2020), citing *United States v. Sokolow*, 490 U.S. 1, 7 (1989).

A search conducted pursuant to valid consent is constitutionally permissible. *Schneckloth v. Bustamonte*, 412 U.S. 218, 222 (1973).

### 2.    Plaintiff's allegations do not establish a constitutional violation.

Defendant Blood stopped Plaintiff for speeding. Trooper Blood decl. at ¶ 5, Ex. 3 at p.2, 5. Subsequently, Plaintiff consented to field sobriety tests. *Id*. at p.2, 6. After Defendant Blood observed Plaintiff exhibiting signs of impairment consistent with drug or controlled substance use before and during the field sobriety tests, Defendant Blood arrested Plaintiff for DUII. *Id*. at

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

p.2, 5-9; *see also id*. at ¶ 6, Ex. 4. Plaintiff consented to Trooper Blood searching her vehicle. *Id*. at p.9. After Plaintiff was transported to the Grant County jail, she consented to taking a breathalyzer test, a urine test, and a drug recognition evaluation. *Id*. at p.9-10.

  Defendant Blood had reasonable suspicion to stop Plaintiff for speeding. Not only did Trooper Blood witness signs of impairment in Plaintiff but his dash cam video also readily shows the signs of impairment as well. *Id*. at ¶ 6, Ex. 4. It would have been improper for Trooper Blood to allow a person exhibiting such signs to continue driving without conducting field sobriety tests. He had reasonable suspicion to request Plaintiff take a field sobriety test. As Plaintiff consented to take the field sobriety test, consented to a search of her vehicle, and consented to take both the breathalyzer and urine tests, Plaintiff fails to establish a Fourth Amendment unlawful seizure or unlawful search. Therefore, Defendants are entitled to summary judgment.

### C. Defendant Blood is entitled to qualified immunity.

  Even if any of Defendant Blood's actions were determined to be unconstitutional, he is entitled to qualified immunity in this matter. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S. Ct. 808, 815 (2009), *quoting Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727 (1982). "To be clearly established, a right must be sufficiently clear 'that every 'reasonable official would [have understood] that what he is doing violates that right.''" *Reichle v. Howards*, 566 U.S. 658, 132 S. Ct. 2088, 2093, 182 L. Ed. 2d 985 (2012), *quoting Ashcroft v. al-Kidd*, 563 U.S. 731, 741, 131 S. Ct. 2074, 2083 (2011). "Put simply, qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015), *quoting Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092 (1986). Qualified immunity "is an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is

Page 7 -   DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
JS/ehn/40136618

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791

erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S. Ct. 2806, 2815 (1985).

Here, stopping an individual for traveling 19 miles above the posted speed limit and arresting an individual for DUII when she exhibited signs of impairment consistent with drug or controlled substance use are not constitutional violations. However, even if they were considered to be unconstitutional in some respect, Defendant Blood would be entitled to qualified immunity as there is no evidence that he was knowingly violating the law.

**CONCLUSION**

For the aforementioned reasons, Defendants respectfully request this Court grant their Motion for Summary Judgment, thereby dismissing this case with prejudice.

DATED October  4  , 2021.

Respectfully submitted,

ELLEN F. ROSENBLUM
Attorney General


_____*s/ Jessica Spooner*_____
JESSICA SPOONER #105919
Assistant Attorney General
Trial Attorney
Tel (503) 947-4700
Fax (503) 947-4791
Jessica.Spooner@doj.state.or.us
Of Attorneys for Defendants

Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4700 / Fax: (503) 947-4791